UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62205-CIV-DIMITROULEAS

CORRECTVISION HOLDINGS, LLC,

   Plaintiff,

vs.

SENTINEL INSURANCE COMPANY LTD.,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Amended Motion for Determination of Entitlement to Reasonable Attorneys' Fees and Court Costs (ECF No. 151) and Bill of Costs (ECF No. 143), which were referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motions are fully briefed and a hearing was held on May 23, 2022.

### I. BACKGROUND

This was an action to recover on an insurance policy. The Amended Complaint alleges that the Plaintiffs, Marc E. Bosem MD PA ("Bosem") and Correctvision Holdings LLC ("Correctvision") paid the premiums on a property insurance policy issued by the Defendant. On April 24, 2020, the property suffered water damage. The Plaintiffs asserted that the damage was caused by the accidental discharge of water from a plumbing system. The Defendants denied the claim, finding that the damage was caused by rainwater which had leaked into the property as the result of an improperly sealed window. The Amended Complaint referred to the

Plaintiffs collectively and made no distinction between the claims of Bosem and Correctvision. The Plaintiffs sought damages in excess of $75,000. (ECF No. 13)

On December 24, 2021, Bosem filed a Notice of Partial Acceptance of the Defendant's Proposal for Settlement of his claim for $20,000. The Notice specifically stated that the settlement did not apply to Correctvision. (ECF No. 63) On December 27, 2021, this Court entered judgment in favor of Bosem in the amount of $20,000.00, and on January 26, 2022, the Defendant and Bosem filed a Stipulation of Dismissal of Bosem's Amended Complaint against the Defendant. (ECF Nos. 64, 81) On January 28, 2022, this Court approved the Stipulation and dismissed Bosem's claims against the Defendant. (ECF No. 86)

On January 21, 2022, the Court granted the Defendant's Motion for Partial Summary Judgment as to Correctvision's claims, limiting Correctvision's recovery to the actual cash value of repairs already performed and yet to be performed and precluding recovery of Correctvision's claimed business income losses. (ECF No. 79) The case proceeded to trial, at which the Plaintiff requested damages in excess of $100,000.00. The jury returned a verdict in favor of Correctvision, awarding damages in the amount of $20,482.00. On February 11, 2022, the Court entered a Final Judgment in favor of Correctvision in this amount. (ECF No. 109, 113)

On March 11, 2022, the Defendant filed an Amended Motion to Amend Judgment (ECF No. 133), seeking set-offs from the judgment amount the $20,000.00 paid to Bosem and the $2,500.00 policy deductible. Correctvision objected, pointing out that the Defendant was requesting set-off for the first time. This Court acknowledged the lateness of the Defendant's set-off claim, but to avoid providing Correctvision with a windfall, granted the Amended Motion to the extent that it sought to reduce the judgment by the $20,000.00 paid to Bosem. However, the Court

declined to further reduce the judgment by the amount of the deductible. (ECF No. 138) On April 4, 2022, the Court entered an Amended Final Judgment in favor of Correctvision in the amount of $482.00. (ECF No. 139) The Plaintiff has moved to reinstate the original final judgment. (ECF No. 150)

## II. CURRENT MOTIONS

The Amended Motion for fees and costs (ECF No.151) was filed on April 26, 2022. The Amended Motion does not state the amount requested by the Plaintiff, but the affidavit of Javier Lopez, Esq., attached to the Amended Motion, states the total claim as $195,870.00, based on 264.8 hours by attorney Vyacheslav Borshchukov at the hourly rate of $650.00; 56.4 hours by attorney Randy Avalon at the hourly rate of $375.00 and 6.5 hours by attorney Timothy Scolaro at the hourly rate of $395.00. Id. at 18-19. In the Bill of Costs, filed on April 13, 2022, the Plaintiff seeks costs in the total amount of $29,189.95, representing $401.00 in fees of the clerk; $225.55 in fees for service of summons and subpoena; $2,135.20 in fees for transcripts; $358.70 for printing; $25,327.00 for witness fees, and $742.50 for mediation costs. (ECF No. 143)

The Defendant opposes the Amended Motion on several grounds. First, the Defendant contends that the Plaintiff did not comply with the requirements of Local Rule 7.3 by failing to provide: the overall amount sought; the terms of the Plaintiff's fee agreement, and the identity, experience and qualifications for each time keeper. Additionally, the Defendant asserts that while the parties initially did confer on the issue of fees, the Plaintiff did not provide billing statements to support his initial demand of $275,000. According to the Defendant, the Plaintiff did not serve a copy of the Amended Motion prior to filing it and made no attempt to confer with the Defendant after the Amended Motion was filed.

Next, the Defendant argues that the Plaintiff's claimed fee is excessive and unreasonable, especially in light of the damage award of $482.00, less than 1% of the damages claimed by the Plaintiff at trial. The Defendant points out that the issues in the case were straightforward and the trial was completed in 2 ½ days. The Defendant also contends that the Mr. Borshchukov's hourly rate is higher than that charged by comparable practitioners in this District, noting that the two instances in which a court awarded Mr. Borshchukov an hourly rate of $650.00 involved stipulations by opposing counsel and relatively low fee amounts. Based on the testimony of Defendant's expert, Janet Brown, Esq, the Defendant suggests that the appropriate hourly rates are $425.00 - $450.00 for Mr. Borshchukov, $225.00 - $250.00 for Mr. Avalon and $250.00 - $300.00 for Mr. Scolaro.

The Defendant states that some the billing entries reflect excessive amounts of time for the tasks involved, while others relate to clerical tasks or are otherwise not permitted. Based on these objections, Ms. Brown produced a chart showing each billing entry, the amount which she deducted and the reason for deduction. (ECF No. 156-1 at 1-22) The Defendant states that Ms. Brown's reductions resulted in a total of 219.1 hours for Mr. Borshchukov; 64.8 hours for Mr. Avalon and 1.9 hours for Mr. Scolero. Utilizing these figures and the lower of Ms. Brown's suggested hourly rates, the fee award would be $108,172.50. At Ms. Brown's higher suggested rates, the total award would be $115,365.00. (ECF No. 140-1 at 5)

However, the Defendant makes two other alternative suggestions. First, the Defendant states that the fee award should be reduced to 1% of the amount sought based on the ratio of the damages requested and the amount awarded by the jury. Alternatively, the Defendant suggests that the fees generated between the inception of the litigation and the date on which Bosem accepted the proposal for settlement

should be reduced by ½, since counsel represented both defendants at the time the action was initiated. The Defendant also contends that the Plaintiff should not receive an award of fees for time spent on four pretrial motions which were decided against the Plaintiff: Defendant's Motion to Dismiss (ECF No. 5); Defendant's Motion for Partial Summary Judgment (ECF No. 42); Plaintiff's Amended Motion for Summary Judgment (ECF No. 47) and Plaintiff's Motion to Strike Expert Ruben Lores (ECF No. 61). Finally, the Defendant identifies 3 billing entries which appear to be erroneous.

The Defendant makes a final argument that the Plaintiff Correctvision is entitled to no fee award based on its failure to mitigate by not accepting the Proposal for Settlement in the amount of $20,000 which had been tendered to Correctvision on December 22, 2021. The Defendant contends that the amount of attorneys' fees incurred prior to that time, when reduced by ½ and by the hours expended for work on motions decided against the Plaintiff, together with the costs incurred and the actual damage award of $482.00, totals less than the $20,000.00 offer. Thus, the Plaintiff does not qualify as a prevailing insured or beneficiary for purposes of a fee award under the applicable Florida statute. As to the Bill of Costs, the Defendant objects to the Plaintiff's claims for mediation fees, expedited transcripts, unspecified copying costs and expert witness fees are not taxable under 28 U.S.C. § 1920. The Plaintiff responds that these are allowable expenses under the fee-shifting Florida statute.

### III. DISCUSSION

#### A. Plaintiff's Amended Motion for Attorneys' Fees and Court Costs (ECF No. 151)

##### 1. Applicable Law

The parties agree that the issue of attorneys' fees and expenses in diversity cases is governed by Florida law. Alyeska Pipeline Service Co. v. Wilderness

Society, 421 U.S. 240, 259 n.31 (1975). The operable Florida statute is Fla. Stat. § 627.428(1), which provides, in pertinent part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . the trial court . . . shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.

It also is undisputed that "[t]he purposes of [Fla. Stat. § 627.428] are to 'discourage the contesting of valid claims against insurance companies' and 'to reimburse successful insureds for the attorneys' fees when they are compelled to defend or sue to enforce their insurance contracts.'" Trans Coastal Roofing Company, Inc. v. David Boland Incorporated, 309 F.3d 758, 760 (11th Cir. 2002) (quoting Insurance Co. of North America v. Lexow, 602 So.2d 528, 531 (Fla. 1992)). The Florida Supreme Court has held that while an insured may recover fees for litigating the issue of entitlement to attorneys' fees, the insured cannot recover for the time spent litigating the amount of the fees. State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832-33 (Fla. 1993).

In Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So. 2d 420 (Fla. 1994), the Florida Supreme Court addressed the issue of whether a judgment or decree qualifies as one against an insurer and in favor of a named insured when the insured did not prevail on all claims and/or has extended the litigation or increased its costs. The court held that the trial judge may consider those factors in determining the fee to be awarded. Moreover, "'a prevailing insured or beneficiary' is one who has obtained a judgment greater than any offer of settlement previously tendered by the insurer. Absent that, the insured or beneficiary is entitled to no fee award." Id. at 421. However, the court emphasized that "any offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment

interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement." Id. at 421-22.  Thus, "an insurer cannot avoid attorney fees by making a belated offer of its insurance coverage or any amount which would be less than the insured or beneficiary could recover in a final judgment as of the date of the offer."  Id. at 422.

In determining the amount of fees to be awarded, Florida has adopted the federal lodestar approach.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1146 (Fla. 1985).  That case established eight criteria to be considered by the court in arriving at a reasonable number of hours for the work performed:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> 3) The fee customarily charged in the locality for similar legal services.
>
> (4) The amount involved and the results obtained.
>
> (5) The time limitations imposed by the client or by the circumstances.
>
> (6) The nature and length of the professional relationship to the client.
>
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) Whether the fee is fixed or contingent.

Id. at 1150.  In establishing a reasonable hourly rate, the court should consider all of these factors except the time and labor required, the novelty and difficulty of the question involved, the results obtained, and whether the fee is fixed or contingent.  The moving party has the burden of establishing the rate charged in the community by

lawyers of reasonably comparable skill, experience and reputation for similar services. Id. at 1150-51. The number of hours reasonably expended multiplied by the reasonable hourly rate, produces the lodestar. "Once the court arrives at the lodestar figure, it may add or subtract from the fee based upon a 'contingency risk' factor and the 'results obtained.'" Id. at 1151.

### 2. Amount of Fee Award

After a careful review of the record in this cause, the undersigned agrees with the Defendant's expert, Ms. Brown, that the number of hours reasonably expended in this case are 219.1 hours for Mr. Borshchukov; 64.8 hours for Mr. Avalon and 1.9 hours for Mr. Scolero. The time expended prior to Bosem's acceptance of the Proposal for Settlement should not be reduced by ½ . At the hearing, counsel for the Plaintiff stated that the same time would have been necessary if Correctvision were the sole Plaintiff in the case, and this statement is supported by the record. Nor should the number of hours be reduced by the time spent on motions as to which the Plaintiff did not prevail, as there has been no showing that the Plaintiff's position on any of these motions lacked merit. Without these reductions, the fees, costs and damage award total more than the $20.000.00 offered to Correctvision in the Defendant's Proposal for Settlement, and the Plaintiff should not be denied a fee award based on failure to mitigate under Danis.

The undersigned further finds that the appropriate hourly rates for the time keepers is the high end of the rates suggested by the Defendant's expert: $450.00 per hour for Mr. Borschukov; $250.00 for Mr. Avalon, and $300.00 for Mr. Scolero. The Affidavit of Javier Lopez, Esq. states that Mr. Bprschukov began his career at the Miami-Dade Public Defender's Office and has tried more than 50 cases to verdict. After leaving the Public Defender's office, Mr. Borschukov has devoted 100% of his

practice to representing insured in first party litigation matters, and he has been retained by other law firms to handle their first party insurance trials. (ECF No. 151 at 20)

While the Plaintiff cites two orders in which he was awarded an hourly rate of $650.00, the undersigned notes that these orders were entered by agreement of the opposing party and involved relatively low fee awards. Id. at 34-36. Based on this Court's expertise as well as that of Ms. Brown, the undersigned finds that an hourly rate of $450.00 is the rate charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. As there is no information on the qualifications of Mr. Avalon and Mr. Scolero, the undersigned will accept the higher figure suggested by Ms. Brown. Accordingly, the lodestar amount is $98,595.00 for Mr. Borschukov (219.1 hours x $450.00); $16,200.00 for Mr. Avalon (64.8 hours x $250.00, and $570.00 for Mr. Scolero (1.9 hours x $300.00), for a total of $115,365.00.

Next, the Court must determine whether any adjustment should be made to the lodestar amount based on the results obtained. The Defendant points to the fact that the Plaintiff asked the jury to award more than $100,000 in damages, but the jury awarded only $20,482.00, an amount reduced by the Court to $482.00. The Plaintiff responds that the claimed fee should be awarded to achieve the purpose of the fee-shifting statute, which is to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for the attorneys' fees when they are compelled to sue to enforce their insurance contracts. In this case, the undersigned believes that the balance weighs in favor of the Plaintiff, who was compelled to file suit to recover its claim on the insurance policy. However, some adjustment for the results

obtained is appropriate, and the undersigned finds that an appropriate award for attorneys' fees in this case is $100,000.00.

### B. Bill of Costs (ECF No. 143)

The Plaintiff seeks costs in the total amount of $29,189.95, representing $401.00 in fees of the clerk; $225.55 in fees for service of summons and subpoena; $2,135.20 in fees for transcripts; $358.70 for printing; $25,327.00 for witness fees, and $742.50 for mediation costs. The Defendant objects to the printing costs because they are unspecified and to the $239.40 cost for the expedited transcript of the deposition of Adam Harris because there is no stated reason for expediting this transcript. The Defendant also objects to the $13,577.00 expert witness fee of Mr. Lopez and the $742.50 mediation fee as not taxable costs under 28 U.S.C. § 1920.

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses,

and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

As noted earlier, the Defendant objects to the copying costs of $358.70 because the items copied are not identified. Although the Plaintiff describes the claimed costs as for "printing," the FedEx receipts reflect that they are in fact copying costs. (ECF No. 143 at 31-41) In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340 (M.D. Fla. 2002), the Court noted that under 28U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'" Id. at 1340, quoting E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing Desisto College, Inc. V. Town of Howey-in-the Hills, 718 F.Supp. 906, 914 (M.D. Fla. 1989) (holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).

The Scelta court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient. The court acknowledged that although an accounting for each photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general photocopying expenses. Scelta, 203 F. Supp.2d at 1340, citing Fulton Fed. Savings & Loan Assoc. Of Atlanta v.

American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). Since the court had no basis for determining which copying costs were compensable, the claim was rejected in its entirety. Scelta, 203 F. Supp.2d at 1340-1341; *see also,* Aranda v. Jewish Community Services of South Florida, Inc., 2007 WL 707384 (S.D. Fla. March 5, 2007). In the instant case, because the Plaintiff has not identified the materials copied or stated why the copies necessarily were obtained for use in the case, the $358.70 cost identified as a fees and disbursements for printing should be disallowed.

The Defendant also objects to the $239.40 cost for the expedited deposition transcript of Adam Harris (ECF No. 143 at 6). Courts in this district have held that some costs related to depositions are not taxable because they were incurred for the convenience of counsel. Klayman v. Freedom's Watch, Inc., 2008 WL 4194881 at *5-6 (S.D.Fla. Sept. 12, 1998) (expedited shipping, ASCII disks, e-transcripts, word index, condensed copy, CD-rom, real time hookup, additional DVDs and storage charges not recoverable); RGF Environmental Group v. Activ Tek Environmental Corp., 2010 WL 3269982 at *3 (S.D.Fla. July 21, 2010) (deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks and copies of transcripts not recoverable); Woods v. Deangelo Marine Exhaust Inc., 2010 WL 4116571 at *8 (S.D.Fla. Sept. 27, 2010) (court reporter charges related to the delivery of transcripts, handling of exhibits and CD copies not recoverable). In this case, the Plaintiff has not stated why an expedited transcript of the deposition of Mr. Harris was required, and the $239.40 for this transcript also should be disallowed.

Finally, the Defendant objects to the mediation cost of $742.50 (ECF No. 143 at 23-24) and the expert witness fee of Javier Lopez, Esq. (ECF No. 143 at 28-29) as not compensable under § 1920. The Plaintiff concedes that these items should not have been included in the Bill of Costs, but argues that they are taxable as expenses

under the Florida fee-shifting statute. The undersigned agrees with the Plaintiff that the mediation fee can be awarded as an expense, but disagrees with respect to Mr. Lopez' services. Mr. Lopez' affidavit deals solely with the issue of the fee amount, not the issue of entitlement to attorneys' fees. As noted earlier, an insured is not entitled to recover fees and expenses for litigating the amount of the fee award under Fla. Stat. § 627.428. State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832-33 (Fla. 1993). Therefore, Mr. Lopez' expert witness fee in the amount of $13,577.00 should be disallowed.

Accordingly, the undersigned finds that the total cost award to the Plaintiff should be $14,014.85 ($28,189.95 - $358.70 for printing - $239.40 for expedited transcript - $13,577.00 for expert witness).

## IV. CONCLUSION

This Court having considered carefully the papers, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED as follows:

1. Plaintiff's Amended Motion for Determination of Entitlement to Reasonable Attorneys' Fees and Court Costs (ECF No. 151) be GRANTED in part, and that the Plaintiff be awarded attorneys' fees in the amount of $100,000.00, and

2. Plaintiff's Bill of Costs (ECF No. 143) be GRANTED in part, and the Plaintiff be awarded costs in the amount of $14,014.85.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the

13

parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1..

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 25th day of May, 2022.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record